IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JENNIFER A. ROBERTS,           }
                               }
      Plaintiff,               }
                               }        CIVIL ACTION NO.
v.                             }
                               }        00-AR-1438-J
E. B. "BUD" PURSER, *etc., et* }
*al.,*                         }
                               }
      Defendants.              }

**ENTERED**

**JUL 19 2000**

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, Jennifer A.
Roberts ("Roberts"), an Alabama citizen, to remand the above-
entitled case which was removed to this court by defendant,
Progressive Specialty Insurance Company ("Progressive"), from the
Circuit Court of Marion County, Alabama. One defendant, E. B. "Bud"
Purser, as administrator of the estate of Victoria May Owens,
deceased ("Purser"), although served with the summons and complaint
prior to the removal, refused to join in the removal.  In its
notice of removal, Progressive alleged that Purser, who resides in
Alabama, and would, if considered to be a defendant in his
individual capacity, destroy complete diversity, was fraudulently
joined for the purpose of destroying that diversity.  Roberts
denied that Purser was named as a defendant for the purpose of
destroying diversity, and filed the motion to remand as yet unruled
on.

1



During oral argument on the motion to remand, it first came to the attention of the court that the decedent, Victoria May Owens, was a resident of Tennessee at the time of her death, and therefore, that 28 U.S.C. § 1332(c)(2) transmogrified Purser into a Tennessean for the purposes of determining whether complete diversity exists. Thereafter, the court endeavored to see if Purser would belatedly join in the removal in order to overcome what otherwise is the insurmountable procedural obstacle to removal created by 28 U.S.C. § 1446. Purser has never responded.

Meanwhile, Progressive, in a response filed on July 13, 2000, "continues to argue that Purser was fraudulently joined for the purpose of destroying removal jurisdiction," although Progressive simultaneously and peculiarly admits that by virtue of § 1332(c)(2) Purser is "deemed a citizen of Tennessee, thereby creating complete diversity in this action." In some prior pleadings and orders, the word "Arkansas" appears instead of "Tennessee," but the residence of Victoria May Owens at the time of the accident is immaterial, except to the  extent that it is not Alabama.

This court has never heard or read that the concept of "fraudulent joinder" can be expanded to include the joinder of an admittedly **diverse** defendant who allegedly collusively agreed in advance to refuse to join in any notice of removal that might be filed by  other diverse defendants. If there is authority for this proposition, Progressive has not cited it, and the court has not

found it.   It is a new idea that this court is unwilling to embrace.   When jurisdiction is challenged, as it is here, the burden is on the removing defendant to prove the requisites of removal jurisdiction, even though a procedural defect and not a lack of subject matter jurisdiction stands in the way of removal.

There is a difference in kind between a plaintiff who unsuccessfully tries to state a claim against a non-diverse defendant and is thus rightly accused of "fraudulent joinder," and a plaintiff who enters into an agreement with a legitimately named diverse defendant, who, in fulfillment of that agreement, thereafter refuses to join in a diversity removal.   In this case, not only would it be pure speculation for this court to conclude that such a collusive agreement was entered into between plaintiff and Purser, but Progressive has not even asked this court to reach that conclusion.   Until plaintiff's counsel learned the hard way, he was blissfully unaware of the fact that Purser has diverse citizenship by virtue of § 1332(c)(2).   From the look on plaintiff's counsel's face, he was as surprised as the court was to learn that Purser suddenly became a Tennessean for the purposes of determining diversity jurisdiction at the moment he obtained his letters of administration on the estate of Victoria May Owens.

A separate order granting plaintiff's motion to remand will be entered.

DONE this 19th day of July, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE